# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| DONALD R. LOVELL, | ) |
| Plaintiff, | ) Case No. |
| v. | ) Judge |
| | ) Magistrate Judge |
| CHAMPION CAR WASH, LLC, and | ) |
| TIM JONES, individually, | ) Jury Demand |
| Defendants. | ) |

## COMPLAINT

For his Complaint against Defendants Champion Car Wash, LLC (Champion), and Tim Jones (Jones), individually, Plaintiff Donald R. Lovell states:

### PARTIES

1. Mr. Lovell is a citizen and resident of Hendersonville, Tennessee, and a former employee of Defendants.

2. Defendant Champion is a Tennessee limited liability company with its principal place of business in Joelton, Tennessee. Defendant Jones is the owner and/or operator of Champion. Defendants may be served with process through Champion's registered agent, John T. Jones, 2701 Morgan Road, Joelton, Tennessee 37080-8730.

### JURISDICTION AND VENUE

3. This is an action for equitable relief and damages brought under the Americans with Disabilities Act of 1990, as amended by the ADA Amendments Act of 2008, 42 U.S.C. § 12101 *et seq.* (ADA), the Tennessee Disability Act, Tenn. Code Ann. § 8-50-103 (TDA) and the Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-101 *et seq.* (THRA). The Court has

jurisdiction under 28 U.S.C. §§ 1331, 1343(a)(4) and 1367(a). Venue is proper under 28 U.S.C. § 1391.

4. Mr. Lovell has met all conditions precedent to the filing of this complaint. He timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission (EEOC) on June 21, 2011. The EEOC mailed him a Notice of Suit Rights on January 10, 2012.

## FACTS AND CLAIMS

5. Mr. Lovell was employed by Defendants as a car wash manager from October 2007 until Defendants discharged him on June 18, 2011.

6. Mr. Lovell performed his job duties for Defendants in a competent and satisfactory manner and received an excellent performance evaluation from Defendants.

7. Mr. Lovell is disabled within the meaning of the ADA and the TDA. He has long had a heart condition known as aortic insufficiency and cardiomyopathy, for which he has had surgical procedures and takes medications. Additionally, he has a hip condition and had hip replacement surgery while working for Defendants. His impairments substantially limited him in one or more major life activities. Defendants knew of Mr. Lovell's disabilities. Moreover, Defendants regarded him as having one or more physical impairments.

8. Notwithstanding his disabilities, Mr. Lovell was otherwise qualified to perform the essential functions of one or more jobs for Defendants, with or without reasonable accommodation.

9. On or about June 10, 2011, Mr. Lovell engaged in protected activity and requested reasonable accommodation from Defendants. Specifically, he asked to be transferred from Defendants' Charlotte Avenue location to its Bellevue location, where he had worked in the

past, so that he could work the morning shift. A morning shift position had become available at the Bellevue location when Defendants discharged another employee, Robert Watts. Mr. Lovell requested the accommodation because, as he advised Defendants, the peak afternoon heat during the summer months affected his ability to perform his job due to his heart condition.

10. Defendants denied Mr. Lovell's request for reasonable accommodation.

11. On June 13, 2011, Mr. Lovell opposed Defendants' failure and refusal to accommodate him. He advised Defendants that the ADA required them to reasonably accommodate his disability in the circumstances and that he planned to file a charge of disability discrimination with the EEOC since Defendants unreasonably refused to do so. Jones responded that "the Federal Government will not tell [him] how to run [his] business."

12. On June 14, 2011, Defendants demoted Mr. Lovell and substantially reduced his compensation.

13. Defendants further gave the available Bellevue morning shift job that Mr. Lovell had requested to Paige Drake, a less qualified, nondisabled individual who had not requested reasonable accommodation or opposed disability discrimination.

14. Defendants retaliated against Mr. Lovell for requesting reasonable accommodation and opposing disability discrimination, in violation of the ADA and the TDA.

15. On June 17, 2011, Mr. Lovell presented Defendants with a note from his physician dated June 16, 2011, stating, "Due to cardiomyopathy, he should avoid heat of day due to risk of dehydration."

16. Rather than engaging in the mandatory good-faith interactive process designed to identify reasonable accommodations and/or seeking any clarification whatsoever from his physician, Defendant discharged Mr. Lovell on June 18, 2011.

17. Defendants failed to reasonably accommodate Mr. Lovell, in violation of the ADA and the TDA.

18. On June 19, 2011, Jones gave Mr. Lovell a letter dated June 18, 2011 (copy attached hereto) stating, among other things, "I take health issues seriously, particularly heart related issues. Since I now have a doctor's note in my possession, liability for your heart issue is now passed along to me. If you got overheated while working at Champion Car Wash, and it caused further damage or injury to your heart, I would be liable and open to a lawsuit. . . . Since you cannot perform your job duties as needed, I am going to have to release you, for medical reasons, from employment at Champion Car Wash."

19. Defendants' June 18, 2011, discharge letter conclusively establishes that they regarded Mr. Lovell as having an impairment and discharged him for that reason, in violation of the ADA and the TDA. No reasonable jury could conclude otherwise.

20. Significantly, in the June 18, 2011, discharge letter, Defendants said absolutely nothing about any alleged performance or attitude issues, insubordination or misconduct of any kind, nor did they identify any reason for discharging Mr. Lovell other than his actual or perceived disability.

21. After Mr. Lovell filed his Charge of Discrimination with the EEOC, Defendant offered false, vague and pretextual reasons to the EEOC for his discharge, including alleged performance and attitude issues and insubordination. Defendants were dissembling in an effort to mask their contemporaneously documented, actual reason for discharging Mr. Lovell, which was his actual or perceived disability. Defendants cannot prove by a preponderance of the evidence that their subsequently asserted, purported reasons for discharging him are legitimate

and not pretextual. No reasonable jury could find in Defendants' favor based on those reasons and Mr. Lovell is entitled to judgment as a matter of law.

22. Defendants replaced Mr. Lovell with one or more individuals who were not disabled or, alternatively, his position remained open or he was treated differently and less favorably than similarly situated, non-disabled individuals who had not requested reasonable accommodation or opposed disability discrimination.

23. Defendants discriminated and retaliated against Mr. Lovell in violation of the ADA and the TDA.

24. Jones aided and abetted Champion in the commission of, and incited, compelled or commanded it to engage in, the discriminatory and retaliatory conduct described in this complaint and also retaliated against Mr. Lovell, in violation of Tenn. Code Ann. § 4-21-102 and § 4-21-301. Jones is thus individually liable.

25. In engaging in the conduct described in this complaint, Defendants acted with malice or, at the very least, reckless indifference to Mr. Lovell's federally protected rights. Consequently, Champion is liable for punitive damages.

26. As a result of the conduct described in this complaint, Mr. Lovell has lost income and other privileges and benefits of employment and incurred medical expenses he otherwise would not have; suffered embarrassment, humiliation, emotional distress and mental anguish, undue stress and anxiety, inconvenience, and loss of enjoyment of life; and incurred attorneys' fees, costs and litigation expenses.

## RELIEF REQUESTED

Mr. Lovell requests:

1. A jury trial;

2. Back pay and benefits;

3. Reinstatement or, alternatively, front pay and benefits;

4. Compensatory damages;

5. Punitive damages;

6. Attorneys' fees, costs and expenses;

7. Prejudgment interest and, if applicable, post-judgment interest; and

8. Such other and further legal or equitable relief to which he may be entitled.

Respectfully submitted,

Douglas B. Janney III (BPR No. 19112)
2002 Richard Jones Road
Suite B-200
Nashville, Tennessee 37215
(615) 742-5900

Attorney for Plaintiff